FILED 09 MAY 11 0901 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                Criminal Case No. 03-60122-AA
                                                  OPINION AND ORDER
       Plaintiff,

   v.

JESSE WADE POWELL,

       Defendant.
_____

Karin J. Immergut
United States Attorney
District of Oregon
Frank R. Papagni, Jr.
Assistant United States Attorney
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
    Attorneys for Plaintiff

Mark Sabitt
Spence & Sabitt, LLP
747 Willamette Street
Eugene, Oregon 97401
    Attorney for Defendant

Page 1 - OPINION AND ORDER

AIKEN, Judge:

Defendant Jesse Wade Powell ("defendant") moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant alleges his sentence was imposed in violation of the Constitution and laws of the United States, or is otherwise subject to collateral attack. Because defendant's conviction for coercion was included in this Court's determination that defendant is an armed career criminal, and because defendant's conviction for coercion remains a violent felony in light of the Supreme Court's decision in Begay v. United States, 128 S. Ct. 1581 (2008), defendant has at least three violent felony convictions. Therefore, defendant is an armed career criminal and his sentence was proper under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). Defendant's motion is DENIED.

## I. BACKGROUND

On December 7, 2004, defendant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The indictment alleged defendant was an armed career criminal due to two prior convictions for burglary in the first degree, one prior conviction for assault in the third degree, and one prior conviction for coercion. Defendant acknowledged the four felony convictions listed in the indictment, but did not concede that the 1993 burglary conviction and the 1994 assault conviction were violent felonies. At sentencing, I rejected

Page 2 - OPINION AND ORDER

defendant's argument and found defendant was an armed career
criminal because the four convictions listed in the indictment
are violent felonies under the ACCA.   Accordingly, I sentenced
defendant to the mandatory minimum sentence of 180 months
imprisonment.

On October 23, 2006, the Ninth Circuit Court of Appeals
affirmed defendant's sentence, United States v. Powell, 203 Fed.
Appx. 785 (9th Cir. 2006), and the Supreme Court denied
certiorari.  Powell v. United States, 128 S. Ct. 40 (October 1,
2007).  On April 16, 2008, the Supreme Court decided Begay.  On
September 17, 2008, defendant filed this motion.

## II. DISCUSSION

The ACCA mandates a minimum 15 year sentence for anyone
possessing a firearm after three prior violent felony
convictions.   18 U.S.C. § 924(e)(1).  A violent felony under the
ACCA "means any crime punishable by imprisonment for a term
exceeding one year" that:

> (i) has as an element the use, attempted use, or
> threatened use of physical force against the person of
> another; or
>
> (ii) is burglary, arson, or extortion, involves use of
> explosives, or otherwise involves conduct that presents
> a serious potential risk of physical injury to
> another***

§ 924(e)(2)(B).

Defendant argues his third degree assault conviction was for
reckless assault, which no longer qualifies as a violent felony

Page 3 - OPINION AND ORDER

pursuant to the Supreme Court's interpretation of the ACCA in
Begay.   Begay held that a violent felony under § 924
(e)(2)(B)(ii), otherwise known as the residual clause, must
involve purposeful, violent, and aggressive behavior.   Begay, 128
S. Ct. at 1588.

Defendant argues the holding in Begay introduced a new
substantive rule of law, which should be applied retroactively.
Plaintiff United States ("plaintiff") argues Begay introduced a
new procedural rule of law which does not apply retroactively.
In the alternative, plaintiff argues that even if defendant's
conviction for assault does not qualify as a violent felony in
light of Begay, defendant still has three other violent felony
convictions as alleged in the indictment.   Thus, defendant
remains an armed career criminal and was sentenced correctly.
Defendant asserts his conviction for coercion was not included in
my determination of defendant's armed career criminal status.   In
the alternative, defendant argues coercion is a strict liability
crime which cannot qualify as a predicate violent felony after
Begay.

1.   Did Begay Introduce a New Retroactively Applicable Rule?

"A decision that modifies the elements of an offense is
normally substantive rather than procedural."   Schiro v.
Summerlin, 542 U.S. 348, 355 (2004).   New substantive rules
generally apply retroactively "because they 'necessarily carry a

significant risk that a defendant stands convicted of an act that
the law does not make criminal' or faces a punishment that the
law cannot impose upon him." Id. at 351 (quoting Bousley v.
United States, 479 U.S. 614, 620 (1998)(internal citations
omitted)).

    "Rules that regulate only the manner of determining the
defendant's culpability are procedural." Schiro, 542 U.S. at
353.  New constitutional rules of criminal procedure generally do
not apply retroactively to § 2255 motions.  United States v.
Sanchez-Cervantes, 282 F.3d 664, 667 (9th Cir. 2002).  However,
new rules do apply to criminal cases pending on direct review.
Schiro, 542 U.S. at 351.  In the context of habeas review, a
conviction is final upon the denial of a petition for certiorari.
United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001).
The Supreme Court denied defendant's petition for certiorari on
October 1, 2007.  Powell, 128 S. Ct. at 40.

    Defendant argues this court implicitly reached the
conclusion Begay is retroactive by vacating a sentence enhanced
under the ACCA in United States v. Gibson 2008 WL 5082343 (D. Or.
2008).  However, Gibson is not analogous to the present case
because unlike defendant's conviction here, Gibson's conviction
was pending on direct review when the Supreme Court decided
Begay.  See Id. at * 1 (On April 16, 2008, the Supreme Court
decided Begay while the Supreme Court did not deny certiorari in

Page 5 - OPINION AND ORDER

Gibson until May 27, 2008).  As stated above, new rules apply to criminal cases pending on direct review.  Schiro, 342 U.S. at 348. Thus, Begay was not applied retroactively in Gibson.

While defendant's case is not analogous to that in Gibson, defendant's argument that Begay is retroactive is compelling.  At least one district court agrees Begay "announced a new substantive rule, rather than a procedural rule, because Begay limits the authority of a court to increase a defendant's punishment for certain types of conduct.  Therefore, Teague is inapplicable and defendant may rely on Begay to challenge his sentence in a § 2255 motion." United States v. Radabaugh, 2009 WL 565065 * 5 (N.D. Ok. 2009).

However, even assuming without deciding that Begay introduced a new, retroactively applicable rule, defendant's motion is denied on other grounds.  It is undisputed that defendant's two prior convictions for first degree burglary are violent felonies.  Therefore, if defendant's conviction for coercion was included in my determination that defendant is an armed career criminal, and if defendant's coercion conviction is a violent felony in light of Begay, defendant has three violent felonies and is properly designated an armed career criminal.

2.  Defendant's Previous Conviction for Coercion.

Defendant argues his conviction for coercion was not included in my armed career criminal determination.  Defendant is

correct that the Presentence Report ("PSR") stated, in paragraph 13, titled "Base Offense Level", that "[t]he defendant is an Armed Career Criminal because he has two prior Burglary I convictions and an Assault III conviction from Lane County, Oregon, which are considered prior violent felony convictions." Defendant also points to my Findings of Fact (Doc. 40, hereinafter "FOF"), in which I found "that based upon the arguments of counsel and evidence presented, the PSR is correct, therefore, the defendant is found to be an armed career criminal." Defendant contends that the coercion conviction "was not a basis for this Court's finding that Powell qualified as a violent offender." Doc. 62.

Defendant, however, overlooks evidence that I included defendant's coercion conviction to determine that defendant is an armed career criminal. For instance, the FOF states defendant had "been adjudged guilty of the crime of Ex-Felon in Possession of Firearm-Armed Career Criminal,... *as charged in Count 1 of the indictment*." FOF, pg 1, paragraph 1 (emphasis added). Count 1 of the indictment expressly states defendant had a prior conviction for "Coercion in the Circuit Court of the State of Oregon for Lane County, Case Number 10-94-04447, on or about October 4, 1994." The PSR also quotes count 1 of the indictment, including the coercion conviction, and states defendant pleaded guilty to Count 1 of the indictment.

Page 7 - OPINION AND ORDER

In addition, plaintiff fully briefed the four prior
convictions in its sentencing memoranda.  Plaintiff's sentencing
memorandum, filed on February 25, 2005, includes nearly three
pages of discussion outlining plaintiff's argument that the
coercion conviction was a predicate violent felony.  Doc. 26, pp
7-9.  Defendant's sentencing memorandum, filed on April 12, 2005
in response to plaintiff's sentencing memorandum, argued the ACCA
sentencing provisions did not apply because "two of the prior
convictions cited in the Indictment do not constitute predicate
offenses required by [the ACCA]..."  Doc. 28.  Defendant then
articulated the legal reasoning behind his argument:

> For the Armed Career Criminal Act to apply, at least
> three of the four prior offenses alleged in the
> indictment must qualify as predicate offenses.  *Powell*
> *submits that two of the four do not qualify as a*
> *predicate offense because the actual sentence imposed*
> *in two of those priors did not involve a term of*
> *imprisonment 'exceeding one year'* as required by
> statute.

(Doc. 28, page 4, emphasis added).  Defendant then specified he
received a sentence of less than one year for the first two
convictions listed on the indictment: the 1993 burglary
conviction and the third degree assault conviction.  Notably,
defendant received a 25 month prison sentence for the coercion
conviction.  Doc. 26, exhibit 4.

Defendant does not point to any evidence rebutting
plaintiff's argument (prior to sentencing) that defendant's
coercion conviction qualified as a predicate violent felony.  I

based my armed career criminal finding on the PSR as well as the
information submitted by the parties.  Plaintiff met its burden
of proof in demonstrating that defendant's coercion conviction
qualified as a violent felony.  By failing to rebut plaintiff's
assertion, defendant failed, in effect, to dispute the fact that
the coercion conviction qualified as a predicate offense
contributing to my armed career criminal determination subjecting
defendant to an enhanced sentence.

Moreover, in reviewing the transcript of defendant's
sentencing hearing (doc. 45), it is evident that defendant did
not seriously dispute the fact that the coercion conviction was a
predicate violent felony.  During the sentencing hearing, the
majority of both parties' legal arguments focused on the question
of whether defendant's burglary and assault convictions qualified
as crimes "punishable by imprisonment for a term exceeding one
year."  Neither party focused on the crime of coercion, as it was
undisputed that coercion qualified as a violent felony.

After outlining the legal argument explaining that the
length of the statutory maximum, and not the actual sentence
imposed, is relevant for purposes of determining if the
conviction was for a felony punishable for more than one year,
plaintiff spent a minimal amount of time arguing defendant's
other previous convictions qualified as violent felonies.
Plaintiff glossed over this argument because it was undisputed by

Page 9 - OPINION AND ORDER

defendant.  Plaintiff stated:

> There does not seem to be any dispute from the defense
> that the defendant's two residential burglaries by
> statute and by Supreme Court definition are crimes of
> violence.  Likewise, his assault and coercion
> convictions are crimes each with an element of use or
> threatened use of physical injury to another, so they,
> too, fit the violent felony definition of the statute.

Doc. 45, p. 5, ln. 6-14.  In response, attorney for defendant

argued defendant did not fit the profile of a violent offender.

Attorney for defendant stated:

> The coercion was an instance that got a lot of
> publicity in Lane County.  Mr. Powell was in pursuit
> with Springfield police officers [sic] Donnie Myers.
> Detective Myers pursued him into a residence.  Mr.
> Powell armed himself with two knives and stood there in
> front of Donnie Myers, who pulled his gun and shot Mr.
> Powell.  Mr. Powell responded to Detective Myers,
> "Don't feel bad, I had that coming" essentially.  It
> was a suicide attempt.  It was clear.  And I would
> submit anything close to violence that is reflected in
> the presentence report is reflecting Mr. Powell's self-
> destructive behaviors.

Doc. 45, p. 10, ln. 11-22.

At the conclusion of the sentencing hearing, I found

defendant was an armed career criminal "because [defendant had]

three prior Oregon convictions for violent felonies."  (Doc. 45,

p. 35, ln. 15-19).  I stated defendant had three, rather than

four, prior convictions for violent felonies because § 924(e)

only requires three prior convictions for violent felonies.  In

fact, on the next page of the transcript I stated:

> It is undisputed that your four prior Oregon
> convictions, one in 1993 for burglary, one in 1994 for
> assault, two in 1994 for burglary, *and one in 2000 for*

> *coercion* are crimes of violence.  And that the maximum
> statutory sentence for each offense at the time of your
> convictions exceeded one year.

Doc. 45, p. 36, ln. 17-22 (emphasis added).  The record,

including the sentencing memorandum and the sentencing hearing,

clearly establish that I included defendant's conviction for

coercion as a predicate violent felony under the ACCA when

sentencing defendant as an armed career criminal.

3.  Defendant's Conviction for Coercion Remains a Violent Felony.

    Courts use the categorical approach to determine whether a

prior conviction satisfies the elements of a sentence enhancement

provision.  <u>United States v. Piccolo</u>, 441 F.3d 1084, 1086 (9th

Cir. 2006).  Under this approach, courts look only to the

statutory definition of the offense and the fact of the prior

conviction.  <u>Id.</u>  Courts do not inquire into the specific conduct

or facts underlying the particular offense as committed by the

defendant.  <u>Mayer</u>, 2009 WL * 8 (D. Or. 2009).  If the statute

would support a conviction not defined as a violent felony, the

conviction does not categorically qualify as a predicate offense.

<u>Piccolo</u>, 441 F.3d at 1086.  The coercion statute states:

> (1) A person commits the crime of coercion when the
> person compels or induces another person to engage in
> conduct from which the other person has a legal right
> to abstain, or to abstain from engaging in conduct in
> which the other person has a legal right to engage, by
> means of instilling in the other person a fear that, if
> the other person refrains from the conduct compelled or
> induced or engages in conduct contrary to the
> compulsion or inducement, the actor or another will:

> (a) Unlawfully cause physical injury to some
>     person***

ORS 163.275(1)(a).  However, because ORS 163.275(b)-(g) describes

ways to commit the crime of coercion without necessarily

committing a violent felony, the coercion statute is overly broad

and the crime of coercion is not categorically a violent felony.

    If a crime does not categorically meet the definition of a

violent felony, courts may use the modified categorical approach.

Under the modified categorical approach, I may consider a limited

set of documents, including the state charging document and the

judgment, to determine whether the defendant's "conviction

entailed an admission to, or proof of, the necessary elements of

a [violent felony]." Fernandez-Ruiz, 466 F.3d at 1132.  The aim

of the modified categorical approach "is to determine whether

documentation or judicially noticeable facts clearly establish

that the defendant pleaded guilty to facts covered by the

predicate offense." United States v. Strickland, 556 F.3d 1069,

1073 (9th Cir. 2009).

    "The government bears the burden of introducing evidence

sufficient to satisfy the modified categorical approach." United

States v. Fisher, 150 Fed. Appx. 674, 679 (9th Cir. 2005).

Plaintiff, in its sentencing memorandum, introduced defendant's

indictment and judgment for coercion.  Doc. 26, ex. 4.  This

evidence, undisputed by defendant, stated that on October 13,

1999, the Lane County Grand Jury returned an indictment against

Page 12 - OPINION AND ORDER

defendant for six crimes.  Doc. 26, ex. 4.  Count 2 of the

indictment stated:

> The defendant, on or about October 7, 1999, in Lane
> County, Oregon, did unlawfully and knowingly compel or
> induce Don Myers Jr. to engage in conduct from which
> Don Myers Jr. had a legal right to abstain, by means of
> instilling in Don Myers Jr. a fear that if Don Myers
> Jr. refrained from the conduct compelled or induced,
> Jesse Wade Powell would unlawfully cause physical
> injury to Don Myers Jr.; contrary to statute and
> against the peace and dignity of the State of Oregon.

Id.  On February 22, 2000, the judgment stated defendant was

convicted of coercion, "having been indicted for... COERCION,

Count 2;... said defendant having previously been found guilty of

the crime of COERCION, Count 2 [of the indictment]..."  Id.  By

pleading guilty to Count 2 of the indictment, defendant

necessarily admitted the facts alleged therein.  United States v.

Velasco-Medina, 305 F.3d 839, 852 (9th Cir. 2002); citing United

States v. Harris, 108 F.3d 1107, 1109 (9th Cir. 1997) ("[A]

guilty plea conclusively proves the factual allegations contained

in the indictment.") (internal quotations omitted)); see also

United States v. Bonat, 106 F.3d 1472, 1477 (9th Cir.

1997)(defendant's conviction was for generic burglary when

defendant pleaded guilty to an indictment only charging generic

burglary.  "Therefore, when Bonat pled guilty to the crime

charged in the Information, he necessarily pled guilty to generic

burglary.").  And unlike the situation in United States v. Vidal,

504 F.3d 1072, 1088 (9th Cir. 2007), I have no difficulty

ascertaining what conduct defendant pleaded guilty to, as defendant here pleaded guilty to conduct that was identical to that charged in the indictment.

By viewing the indictment and the judgment, it is clear defendant necessarily pleaded guilty to ORS 163.275(a). The language "unlawfully cause physical injury" from ORS 163.275(a) is quoted directly in the indictment. In addition, the indictment does not mention any of the ways one may commit the crime of coercion described in ORS 163.275(b)-(g). Lastly, the judgment not only referenced the indictment, but also stated defendant had been found guilty of the charge listed in the indictment. Doc. 26, ex. 4.

The question then, is whether threatening to unlawfully cause physical injury to another is a violent felony under the ACCA. The modified categorical approach may be used to determine if a conviction falls under the definition of violent felony found in the residual clause. United States v. Jennings, 515 F.3d 980, 992 (9th Cir. 2008). A violent felony under the residual clause is a crime punishable by more than one year in prison that "involves conduct that presents a serious potential risk of physical injury to another[.]" § 924(e)(2)(B)(ii).

The first step is to determine if defendant's conviction for coercion involved conduct presenting a serious potential risk of physical injury to another. The Oregon "crime of coercion has

three distinct elements: the accused must (1) compel a victim to
do something...; that (2) the victim has a right not to do; by
(3) making the victim afraid that if he or she does not do it,
one of the enumerated consequences will result." State v.
Phillips, 206 Or. App. 90, 95, 135 P.3d 461, 465 (2006).  The
"fear" which is "instilled" in the other person must be
objectively reasonable and the physical injury feared must be
objectively probable.  State v. Stone, 84 Or. App. 575, 578-79,
735 P.2d 7, 9 (1987).

Importantly, "the law does not require 'every conceivable
factual offense covered by a statute' to present a serious
potential risk of physical injury." Mayer, 2009 WL 650411 * 11
(quoting James v. United States, 127 S. Ct. 1586, 1597 (2007)).
Indeed, the "inquiry is not whether 'every conceivable factual
offense covered by a statute' presents a serious potential risk
of physical injury, but rather whether, 'in the ordinary case'
conduct falling within the state statute presents such a risk."
Mayer, 2009 WL 650411 * 10 (quoting James, 127 S. Ct. at 1597).

Applying the modified categorical approach to defendant's
prior conviction for coercion leaves no doubt that the conviction
involved conduct presenting a serious risk of physical injury to
another.  Defendant's conviction for coercion necessarily
required a finding that defendant compelled another to engage in
conduct by means of instilling in the other a fear that if the

other did not engage in the conduct, defendant would unlawfully
*"cause physical injury to"* the other.  The physical injury feared
was necessarily objectively probable to occur.  <u>Stone</u>, 84 Or.
App. at 578-79.  There is no doubt that in the ordinary case,
instilling fear in another by threatening to unlawfully cause
physical injury is conduct that presents a serious potential risk
of physical injury to another.

However, after <u>Begay</u>, in addition to ordinarily presenting a
serious potential risk of physical injury, the conduct must be
similar to the four enumerated crimes listed in the residual
clause.  <u>United States v. Gomez-Leon</u>, 545 F.3d 777, 788 (9th Cir.
2008).  The enumerated crimes are burglary, arson, extortion, or
crimes involving the use of explosives.  § 924(e)(2)(B)(ii).  A
crime is similar to the enumerated crimes where the underlying
offense requires "purposeful, violent, and aggressive conduct."
<u>Id.</u> (quoting <u>Begay</u>, 128 S. Ct. at 1587)(internal citations
omitted).  Such conduct tends to make it "more likely that an
offender, later possessing a gun, will use that gun deliberately
to harm a victim." <u>Begay</u>, 128 S. Ct. at 1586.

Although no mens rea is specified in ORS 163.255(1),
defendant pleaded guilty to knowingly compelling another to do
something the other had a right not to do, by means of instilling
in the other a fear that if the other did not take the compelled
action, defendant would unlawfully cause physical injury to the

other.  By admittedly acting knowingly, defendant admitted the
intent required in light of Begay that defendant acted
purposefully.

Lastly, defendant's conviction for coercion is different
from the driving under the influence statute discussed in Begay.
An offender convicted of driving under the influence reveals a
"degree of callousness toward risk," but does not necessarily
have an increased likelihood that the offender "is the kind of
person who might deliberately point [a] gun and pull the
trigger."  Begay, 128 S. Ct. at 1587.  Defendant's conviction for
coercion however, which involved defendant knowingly compelling
another to act under a threat of causing physical harm to that
person, is more like the enumerated crimes in the residual clause
because defendant's conduct was purposeful, violent, and
aggressive.  By knowingly threatening physical harm to another,
defendant's coercion conviction shows both a degree of
callousness toward risk as well as an increased likelihood that
defendant, if he possessed a gun, would deliberately point the
gun and pull the trigger.  Because defendant's conviction for
coercion in violation of ORS 163.275(1)(a) involved a serious
potential risk of physical harm to another, and involved conduct
that was purposeful, violent, and aggressive, defendant's
conviction for coercion qualifies as a previous conviction for a
violent felony under the residual clause of the ACCA.

Page 17 - OPINION AND ORDER

<u>CONCLUSION</u>

Defendant's prior conviction for coercion was included in my July 14, 2005 determination that defendant is an armed career criminal.  Even assuming <u>Begay</u> created a new retroactive rule, defendant's conviction for coercion remains classified as a violent felony.  Accepting defendant's argument that his conviction for third degree assault is not a violent felony, nevertheless, defendant has three prior violent felony convictions and, therefore, defendant is an armed career criminal.  Defendant's sentence was proper and defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence is denied.

IT IS SO ORDERED.

Dated this 7 day of May, 2009.


_____
Ann Aiken
United States District Judge